UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:18cv61687

JIMMIE LEE,

    Plaintiff,

v.

I.C. SYSTEM, INC.,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**<u>INJUNCTIVE RELIEF SOUGHT</u>**

Plaintiff JIMMIE LEE ("Plaintiff"), by and through undersigned counsel timely files his Complaint and seeks redress for the illegal practices of Defendant, I.C. SYSTEM, INC ("Defendant"), *to wit*, for Defendant's violations of 15 U.S.C §1692 *et seq.*, the Fair Debt Collection Practices Act, and Florida Statute §559.551 *et seq.*, the Florida Consumer Collection Practices Act, and in support thereof, Plaintiff states the following:

**<u>NATURE OF ACTION</u>**

*I.    THE FAIR DEBT COLLECTION PRACTICES ACT*

    1.    The Fair Debt Collection Practices Act (the "FDCPA") is a series of statutes which prohibits a catalog of activities in connection with the collection of debts by third parties. *See* 15 U.S.C. §1692. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure [sic] that debt collectors who refrain from using abusive debt collection

practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. §1692(e).

2. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. §1692(b).

3. The FDCPA imposes civil liability on any person or entity that violates its provisions and establishes general standards of debt collection and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

4. Section § 1692c of the FDCPA governs communications by debt collectors made to consumers in connection with the collection of a debt. Among several prohibitions, § 1692c prohibits a the debt collector from contacting a consumer if it "knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer." 15 U.S.C §1692c(a)(2).

5. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of §1692e set forth a non-exhaustive list of practices that fall within this ban.

6. Section 1692f of the FDCPA states "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f. *See* LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1200 (11th Cir. 2010) ("[a]n act or practice is deceptive or unfair if it has the tendency or capacity to deceive."). The eight subsections of §1692f set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §1692f(1).

7. Section 1692g of the FDCPA requires debt collectors to make certain disclosures, and/or provide consumers with certain information, depending on the circumstances. The rights and obligations established by section 1692g were considered by the Senate to be a "significant feature" of the Act. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4. In particular, §1692g mandates, inter alia, that:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. §1692g.

10. Furthermore, important to the case at bar, §1692g(b) states that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

## II.   THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

11. The Florida Consumer Collection Practices Act (the "FCCPA") is "a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." Harris v. Beneficial Finance Company of Jacksonville, 338 So. 2d 196, 200-201 (Fla 1976). In 1993, the FCCPA was enacted to complement the FDCPA, and, as of present-day, the FCCPA continues to effectuate this goal by otherwise furthering the protections and prohibitions of the FDCPA. See Bianchi v. Bronson & Migliaccio, LLP, 2011 WL 379115 (S.D. Fla. Feb. 2, 2011) (stating, "[t]he Florida legislature through the FCCPA expresses its intent that the FCCPA be read as providing regulations that complement the FDCPA. Specifically, the FCCPA notes that any discrepancy between the two acts should be construed as to provide the consumer (or debtor) the greatest protection." (citations omitted)).

12. Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, in collecting consumer debts, pursuant to the FCCPA no person shall: "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. §559.72(9).

13. The FCCPA governs the collection of debts with more scrutiny and specificity than that of the FDCPA, whereby, in its totality, not only does the FCCPA codify additional conduct as explicitly unlawful – but most critically – the FCCPA applies to individuals and/or entities not otherwise regulated by the FDCPA. *See* In re Hathcock, 437 B.R. 696, 704 (Bankr. M.D. Fla. 2010) ("[u]nlike the FDCPA, the [FCCPA] applies not only to debt collectors but to *any persons collecting a consumer debt*." (emphasis added)); *See, e.g.*, Heard v. Mathis, 344 So. 2d 651, 654 (Fla. 1st DCA 1977) (holding the FCCPA applied to "a private individual making an oral, non-interest bearing loan to a friend."); Schauer v. General Motors Acceptance Corp.*,* 819 So. 2d 809, 812 n. 1 (Fla. 4th DCA 2002) (creditors are not exempt from FCCPA liability, whether it be direct or vicarious).

14. As set forth in more detail below, Defendant violated the aforementioned portions the FDCPA and FCCPA. Plaintiff now seeks damages and/or injunctive relief for the same.

## JURISDICTION AND VENUE

15. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C §1331, and 28 U.S.C §1337.

16. Supplemental jurisdiction exists for the FCCPA claims under to 28 U.S.C. §1367.

17. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

18. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

19. Defendant is a Minnesota corporation, with its principal place of business located in St. Paul, Minnesota.

20. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

21. At all times material hereto, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

22. At all times material hereto, Defendant has been a corporation subject to the FCCPA. *See*, *e.g.,* Cook v. Blazer Fin. Services, Inc., 332 So. 2d 677, 679 (Fla. 1st Dist. App. 1976) (citing Fla. Stat. §1.01(3)).

## FACTUAL ALLEGATIONS

23. The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes. In particular, the Consumer Debt represents an allegedly outstanding amount Plaintiff owes the original creditor, AT&T/Direct TV (the "Creditor"), for the Creditor's provision of services.

24. The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(5); Fla. Stat. §559.55(6).

25. Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C §1692a(3).

26. Defendant is a "debt collector" as defined by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(6); Fla. Stat. §559.55(7).

27. On a date better known by Defendant, Defendant began attempting collect the Consumer Debts from Plaintiff.

28. In early July 2018, Defendant sent a collection letter to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

29. On information and belief, the Collection Letter was the first communication Plaintiff had received from Defendant with respect to the Consumer Debt.

30. The Collection Letter constitutes "collection activity" within the meaning of §559.715 of the FCCPA.

31. On or about, July 17, 2018 Plaintiff, with the assistance of his counsel, called Defendant in order to find out when Defendant would be reporting the alleged debt to the national reporting credit agencies as Defendant threatens in the Collection Letter. During the call, Plaintiff also requested to dispute the validity of the debt as he is entitled to under 15 U.S.C. § 1692g *et seq*.

32. Defendant's agent responded to Plaintiff's request to dispute the debt by stating that, among other things, in order to dispute the debt Plaintiff would need to go to Plaintiff's website and submit a dispute though the website in order to dispute the debt.  Furthermore, Defendant's agent falsely stated that in order to dispute the debt, "*Plaintiff would have to go further and dispute the debt with Direct TV and see if Direct TV agrees with the dispute.*"

33. During the call, Plaintiff, through his counsel, expressed his desire to not be contacted directly by Defendant as he was represented by counsel and to direct any further

communications to his counsel. Plaintiff's counsel's mailing address, name and phone number was provided to Defendant's agent.

34. On July 18, 2018, in direct disregard of Plaintiff's requests to not be contacted by Defendant, Defendant again directly communicated with Plaintiff with regards to the alleged Consumer Debt.

35. As will be discussed below, Defendant, has violated several provisions of the FDCPA by misrepresenting and overshadowing Plaintiff's rights under the FDCPA and contacting a consumer that it knew was represented by counsel.

## VIOLATION OF THE FDCPA AND FCCPA

### I.     RELATIONSHIP BETWEEN THE FDCPA & FCCPA

36. In Florida, consumer debt collection practices are regulated by both the FCCPA and the FDCPA. "Both acts generally apply to the same types of conduct, and Florida courts must give great weight to federal interpretations of the FDCPA when interpreting and applying the FDCPA." Read v. MFP, Inc., 85 So.3d 1151, 1153 (Fla. 2nd DCA 2012). "Congress enacted the FDCPA after noting abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." (internal quotations omitted). Brown v. Card Serv. Ctr., 464 F.3d 450 (3rd Cir. 2006). Congress was concerned that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." Id. at 453 (quoting 15 U.S.C. §1692(a). Because the FDCPA is a remedial statute, "we construe its language broadly, as to affect its purpose." Id. The FDCPA restricts the time and places a debt collector may contact a consumer and limits third party contacts. These restrictions, along with others, protect the consumer's right to privacy and the security of the consumer's relationship with third parties, including attorneys, co-workers, and employers.

This was considered an "extremely important protection." S. Rep. No. 382, 95th Cong., 1st Sess. 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1696.

37. Notably, "[t]he FDCPA establishes a strict liability standard; a consumer need not show an intentional violation of the Act by a debt collector to be entitled to damages." Drossin v. Nat'l Action Fin. Servs., 641 F.Supp.2d 1314 (S.D. Fla. 2009). "A single violation of the Act is sufficient to subject a debt collector to liability under the Act." Id. at 1316. Similarly, the FCCPA "is to be construed in a manner that is protective of the consumer." Laughlin v. Household Bank, LTD., 969 So.2d 509, 513 (Fla. 1st DCA 2007). In fact, the FCCPA "further defined and protected an individual's right of privacy" in addition to the protections of the FDCPA. Id. at 512. Importantly, the FCCPA is "in addition to the requirements and regulations of the [FDCPA]. In the event of any inconsistency between any provision of [the FCCPA] and the [FDCPA], the provision which is more protective of the consumer or debtor shall prevail. Fla. Stat. §559.552. Finally, in ultimately asserting a consumer's civil remedies under the FCCPA, "due consideration and great weight shall be given to the interpretations of… federal counts related to the [FDCPA]." Fla. Stat., §559.77(5).

## II.    *THE LEAST SOPHISTICATED CONSUMER STANDARD*

38. The Eleventh Circuit has adopted the "least sophisticated consumer" standard in reviewing alleged violations of the FDCPA. See Beeders v. Gulf Coast Collection Bureau, 796 F.Supp.2d 1335, 1338; Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985). The purpose of the least-sophisticated consumer standard is to ensure the protection of the gullible as well as the shrewd. See LeBlanc v. Unifund CCR Partners, 601 F.3d 1185 (11th Cir. Fla. 2010). "The fact that a false statement may be obviously false to those who are trained and experienced does not

change its character, nor take away its power to deceive others less experienced." <u>Jeter v. Credit Bureau, Inc.</u>, 760 F.2d at 1168.

39. "Literally, the least sophisticated consumer is not merely 'below average,' he is the very last rung on the sophistication ladder. Stated another way, he is the single most unsophisticated consumer who exists. Even assuming that he would be willing to do so, such a consumer would likely not be able to read a collection notice with care, let alone interpret it in a reasonable fashion." <u>Gammon v. GC Servs.</u>, 27 F.3d 1254, 1257 (7th Cir. 1994) (emphasis added).

40. "A court applies this objective standard . . . to protect consumers against deceptive debt collection practices and to protect debt collectors from unreasonable constructions of their communications." <u>Green v. Douglas, Knight & Assocs. (In re Cheaves)</u>, 439 B.R. 220 (Bankr. M.D. Fla. 2010).

41. The least sophisticated consumer standard is similarly applied in determining violations of the FCCPA. *See, e.g.,* <u>Michael v. HOVG, LLC</u>, 2017 WL 129111, at *5 (S.D. Fla. Jan. 10, 2017) (finding that Plaintiff successfully stated a claim for under Fla. Stat. Ann. § 559.72(9) because "the least sophisticated consumer may plausibly believe that the [collection letter] 'threaten[s] to enforce a debt' or 'assert[s] the existence of some other legal right.'"); <u>Bank v. Schmidt</u>, 124 So. 3d 1039 (Fla. Dist. Ct. App. 2013) (affirming class certification which the lower court premised on least sophisticated consumer standard governing the FCCPA); <u>Green</u>, 439 B.R. 220 (discussing the similar goals of the FCCPA and FDCPA and applying the least-sophisticated consumer standard to determine whether a collection letter violated the FCCPA).

**III.   *ESTABLISHING A CLAIM FOR FDCPA AND/OR FCCPA VIOLATIONS***

42. The FDCPA and FCCPA "have certain parallels, as both relate to consumer protection against creditors, and include nearly identical definitions of 'communication,' 'debt,'

and 'debt collector.' Kinlock v. Wells Fargo Bank, N.A., 636 Fed. Appx. 785, 787 (11th Cir. 2016) (citations omitted). Thus, to establish a claim under the FDCPA and FCCPA are largely the same.

43. To establish a claim under the FDCPA, the plaintiff must show: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Pescatrice v. Orovitz, P.A., 539 F.Supp.2d 1375, 1378 (S.D.Fla.2008).

44. Unsurprisingly, "[t]he elements necessary to plead a claim under the FCCPA are similar but distinguishable from the elements of establishing a claim under the FDCPA." Deutsche Bank Nat. Trust Co. v. Foxx, 971 F. Supp. 2d 1106, 1114 (M.D. Fla. 2013). "The first prong is substantially identical to the FDCPA, as the FCCPA only applies to consumer debt [and] [t]he second prong [only] differs from the FDCPA in that the FCCPA prohibits acts of 'persons' and, accordingly, is not limited to 'debt collectors.'" Bacelli v. MFP, Inc., 729 F.Supp.2d 1328, 1335 (M.D.Fla.2010). "The third prong requires an act or omission prohibited by the FCCPA. In addition to these elements, several subsections of §559.72 require an allegation of knowledge or intent by the defendant in order to state a cause of action." Foxx, 971 F. Supp. 2d 1106, 1114 (citing Reese v. JPMorgan Chase & Co., 686 F.Supp.2d 1291, 1309 (S.D.Fla.2009) ("To plead a FCCPA claim, a party must allege knowledge or intent by the debt collector in order to state a cause of action.")).

## COUNT I.
## VIOLATION OF THE FDCPA

45. Plaintiff incorporates by reference paragraphs 23-35 of this Complaint as though fully stated herein.

46. As a result of Defendant's forgoing FDCPA violations, Plaintiff is entitled to relief for such, in addition to statutory damages, attorney's fee and costs.

*VIOLATION OF THE FDCPA – No. 1*

47.     Defendant violated §§ 1692c, 1692e, and 1692f (and provisions therein) of the FDCPA by utilizing false, deceptive, misleading, unfair or unconscionable representations and/or means in an attempt to collect a debt when it directly contacted Plaintiff after knowing that he was represented by counsel.

*VIOLATION OF THE FDCPA – No. 2*

47.     Defendant, through its agent, violated §§ 1692e, 1692f and 1692g of the FDCPA by utilizing false, deceptive, misleading, unfair or unconscionable representations and/or means in an attempt to collect the Consumer Debt. Furthermore, Defendant, through its agent, misrepresented and overshadowed Plaintiff's rights.

48.     Consumers are given certain protections during the 30-day dispute and validation period. "Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C § 1692g(b).

49.     A dispute need not be in submitted through Defendant's website or directed to the Current Creditor as Defendant misleads Plaintiff to believe. A valid dispute of the debt can be accomplished verbally to the debt collector (Defendant). 15 U.S.C § 1692g(a)(3). By stating that the dispute would have to be done by accessing Defendant's website and contacting the Creditor, Defendant, violated §§ 1692g(a) and 1692g(b).

50.     Here, Defendant overshadowed and provided false, misleading and unfair representations to Plaintiff regarding his right to dispute the debt by stating that, among other things, as referenced above, Plaintiff had to access Defendant's website and contacting the Creditor, Defendant in order to effectively dispute the debt.

51. Defendant overshadowed and provided false, misleading and unfair representations to Plaintiff regarding his right to dispute the debt by stating that Plaintiff needed to provide Defendant with a *reason* for the dispute in order to effectively dispute the debt, which is simply false.

52. Defendant overshadowed and provided false, misleading and unfair representation to Plaintiff regarding his right to dispute the debt by stating that Plaintiff could *not accomplish a dispute of the debt by merely requesting it verbally over the phone*.

53. Such representations by Defendant, through Defendant's agent, are contrary and inconsistent to the dispute rights granted to Plaintiff under §1692g. Every court in our circuit agrees that statements that contradict Plaintiff's rights under §1692g(a) violates §1692g(b).

54. Furthermore, the overshadowing statements and misrepresentations described above also violate § 1692e and § 1692f of the FDCPA as the representations were misleading, false, deceptive, unfair and unconscionable.

## COUNT II.
## VIOLATION OF THE FCCPA

55. Plaintiff incorporates by reference paragraphs 23-35 of this Complaint as though fully stated herein.

56. As a result of Defendant's forgoing FCCPA violation Plaintiff is entitled to relief for such, in addition to statutory damages, attorney's fee and costs.

*VIOLATION OF THE FCCPA – No. 1*

57. Defendant violated Fla. Stat. §559.72(9) by asserting the existence of some legal right when such person knows that the right does not exist.

58. As set forth in more detail above, the Consumer Debt is a debt governed by the FDCPA, and thus, to lawfully seek the collection of the Consumer Debt, Defendant must comply with the FDCPA – in particular – sections 1692g, 1692e and 1692f.

59. Here, Defendant knew that, at the time it made the representations discussed above concerning the methods of disputing the alleged Consumer Debt, such representations were false, misleading and misrepresented Plaintiff's actual rights proscribed to him under the law with regards to his right to dispute a debt with a debt collector.

60. Defendant was also aware that Plaintiff was represented by counsel and had all the adequate information to contact his attorney. By contacting Plaintiff directly, Defendant violated Fla. Stat. 559.72(18).

## DEMAND FOR JURY TRIAL

61. Plaintiff respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a) Statutory damages as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by Defendant in attempting to collect the Consumer Debt.

(b) Statutory damages as provided under Fla. Stat. §559.77(2), for the FCCPA violation committed by Defendant in attempting to collect the Consumer Debt from Plaintiff.

(c) An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

(d) Costs and reasonable attorneys' fees as provided by both 15 U.S.C. §1692k and Fla. Stat. §559.77(2); and

(e) Any other relief that this Court deems appropriate and just under the circumstances.

DATED: July 23, 2018

                                        Respectfully Submitted,

                                        /s/ Jibrael S. Hindi                                        .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:     jibrael@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:      954-907-1136
Fax:          855-529-9540

*COUNSEL FOR PLAINTIFF*